## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Glenda Dixon, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No.: |
| | ) |
| v. | ) |
| | ) |
| Halsted Financial Services, LLC, | ) **COMPLAINT** |
| | ) **WITH JURY TRIAL DEMAND** |
| Defendant. | ) |
| | ) |

## PRELIMINARY STATEMENT

1. This action for damages is based upon Defendant's overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. Defendant's conduct is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*

## PARTIES

2. Plaintiff, Glenda Dixon, is a natural person who resides in Liberty County, Georgia.

3. Plaintiff is allegedly obligated to pay a consumer debt and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

4. Defendant, Halsted Financial Services, LLC, is a limited liability company formed under the laws of the State of Illinois and registered to do business in the State of Georgia. Defendant may be served with process via its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092-2924.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant(s) because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because Defendant maintains a registered agent for service of process in Gwinnett County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

9. Plaintiff is a 52-year-old woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

10. Plaintiff is obligated to pay a consumer debt and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant is a collection agency specializing in the collection of consumer debt.

12. Defendant markets itself as "a leading global financial services firm". See, halstedfinancial.com. (Last visited September 13, 2019.)

13. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

14. Defendant uses interstate commerce and/or mail in its business. The principal purpose of Defendant's business is the collection of consumer debts owed to third parties.

15. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16. On February 27, 2019, Defendant caused to be sent to Plaintiff a letter in furtherance of its efforts to collect a consumer debt from Plaintiff (hereinafter

referred to as "the letter" or "Defendant's letter"). A true and correct copy of this letter is filed herewith as "Exhibit 1".

17. In its demand for payment, Defendant proposed two different options for Plaintiff. The first was that she could pay a reduced amount of $517.69 and resolve the debt outright. The second was a higher proposed repayment divided into three payments over consecutive months.

18. Defendant went on to advise Plaintiff that "…a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations."

19. The plain language of Defendant's letter is that the reporting of the negative entry was a future event that could occur if Plaintiff did not fulfill her obligations; presumably, the obligations and proposals put forth by Defendant.

20. The implicit suggestion is that, if Plaintiff does pay these obligations, then there will be no negative entry on her credit report.

21. Defendant's letter, and specifically its language regarding credit reporting, is objectively false and materially misleading in that, as of the date of the letter, this account was already the subject of a negative tradeline appearing on Plaintiff's credit reports as published by TransUnion and Experian, two major

credit reporting agencies in the United States.

22. Moreover, this negative entry had appeared on these reports since at least August 2018. A copy of this tradeline as published to and secured by Plaintiff appears below:

```
LVNV FUNDING LLC #444796226508****
C/O RESURGENT CAPITAL SERVICES PO BOX 1269
GREENVILLE, SC 29603
(866) 464-1183

Placed for           08/15/2018          Balance:              $862              Pay Status:    >In Collection<
collection:                               Date Updated:         08/06/2019
Responsibility:      Individual Account   Original Amount:      $862
Account Type:        Open Account         Original Creditor:    CREDIT ONE BANK
Loan Type:           DEBT BUYER                                 N A (Financial)
                                          Past Due:             >$862<

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 12/2024

Account name              Account number        Recent balance      Date opened     Status
RESURGENT/LVNV FUNDING    444796226508....      $862 as of          08/2018         Collection account.
                                                08/06/2019                          $862 past due as of
                                                                                    Aug 2019.
PO BOX 1269
GREENVILLE, SC 29602      Type                  Credit limit or origi-  Date of status
866 464 1183              Debt Buyer            nal amount              12/2018
Address identification number  Terms            $862                    First reported
0068501035                1 Months              High balance            12/2018
```

## INJURIES-IN-FACT

23. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements

"may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

27. Accordingly, through the violation of Plaintiff's statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

28. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a. Being subjected to false, deceptive, unfair, and unconscionable debt collection practices; and

   b. Uncompensated time expended away from activities of daily living, to confer with counsel regarding Defendant's collection efforts.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692, *et seq*.

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

30. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

31. The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

32. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id*.

33. Defendant's letter to Plaintiff violates 15 U.S.C. § 1692e in that Defendant's representations to Plaintiff were objectively false and/or misleading and the purpose of the false representations was to induce payment of a consumer debt.

34. Thus these representations made by Defendant violated 15 U.S.C. § 1692e, e(2)(A), and e(10)..

35. The conduct of Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses of Plaintiff. It violated other provisions of the Act to facilitate collection and, when it became clear payment by the Plaintiff was impossible, it sought to harass and embarrass Plaintiff.

36. Defendant's conduct violated 15 U.S.C. § 1692f.

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, *et seq*.

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

38. O.C.G.A. § 10-1-390, *et seq*., is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

39. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

40. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

41. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

42. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

43. Defendant's conduct has implications for the consuming public in general.

44. Defendant's conduct negatively impacts the consumer marketplace.

45. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

46. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

47. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

48. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. §§ 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 13th day of September, 2019.

[signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Paul J. Sieg
Georgia Bar No.: 334182
*psieg@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333

*Plaintiff's Attorneys*